[Cite as *Eberts v. Eberts*, 2026-Ohio-3029.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSHUA EBERTS,            :

      Plaintiff-Appellee,     :

                               No. 116173

v.                   :

JOANNA EBERTS,         :

      Defendant-Appellant.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 6, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-17-369782

---

***Appearances:***

P. Shipman Law, LLC and Philip Shipman; Fowles Law,
LLC and Ted R. Fowles, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} JoAnna Eberts ("JoAnna") appeals from the domestic relations court's judgment entry awarding her $6,500 in attorney fees in this post-decree dissolution of marriage case. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} JoAnna and Joshua Eberts ("Joshua") were granted a dissolution of their marriage on January 24, 2018. During the dissolution proceedings, JoAnna and Joshua each acted pro se. Subsequently, a custody dispute regarding JoAnna and Joshua's two minor children arose and, on May 9, 2024, an attorney filed a notice of appearance on behalf of JoAnna. This attorney filed a motion for temporary custody and a motion to modify the shared parenting plan. For the next several months, litigation regarding JoAnna's motions ensued. On February 15, 2025, JoAnna filed a motion for attorney fees and her attorney filed a motion to withdraw as counsel. The court granted the motion to withdraw on February 21, 2025. The court did not rule on JoAnna's motion for attorney fees.

{¶ 3} On July 22, 2025, the court issued a judgment entry revising the parties' shared parenting plan. The court held a hearing on JoAnna's motion for attorney fees on January 28, 2026. JoAnna and Joshua represented themselves at this hearing. The court stated, on the record, that the hearing concerned JoAnna's motion and she had the burden of proof. It became apparent early in the hearing that JoAnna did not know how to proceed with her motion. After prompting from the court, JoAnna called her former attorney as a witness. JoAnna then stated, "I don't know how to ask these questions."

{¶ 4} Eventually, JoAnna established, through her witness, that this attorney represented JoAnna concerning her child custody motions from March 25, 2024 to February 21, 2025. This attorney submitted invoices to JoAnna for this

representation and these invoices were submitted as exhibits during the hearing. The representation agreement between this attorney and JoAnna was also submitted as an exhibit. JoAnna established that the invoices all related to this custody matter. The amount of the attorney fees listed on the invoices was not discussed during JoAnna's direct examination of her former attorney. JoAnna stated, "I don't think I have any other questions."

{¶ 5} The court reminded JoAnna that the hearing concerned her motion and she had the "burden of proof . . . to show the expenses that were incurred and to provide evidence to the Court that they were reasonable attorney fees in the normal course of representation." JoAnna reiterated that she had no further questions for the witness.

{¶ 6} Joshua cross-examined the witness and established that JoAnna had paid this attorney $9,712.96 in fees and there was an outstanding balance of $8,295.80. Joshua asked the witness if she recognized that he did not have counsel during the custody proceedings. The witness answered, "[Y]es, that is part of the reason why the bill was large." Joshua then indicated that he had no further questions for the witness.

{¶ 7} The court asked questions of this witness and established the following: The attorney's hourly billing rate was $325 "billed in tenths of the hour." Her paralegal's hourly billing rate was $125, also billed in tenths of an hour. All work shown on the invoices that were submitted as exhibits was done by this attorney or her paralegal and it was done as part of her representation of JoAnna in the custody

proceeding at issue. The court also had the witness establish that $325 per hour is a reasonable rate for this type of legal work in Cuyahoga County.

{¶ 8} The court asked the witness if there was "anything that was atypical regarding the time spent or utilized for purposes of representation in this case." The witness replied as follows: "Yes. There was enhanced time required because I did not have a colleague working on the other side of this case, meaning an attorney of record for [Joshua]." The witness explained that Joshua did not initially cooperate with the guardian ad litem and the Family Evaluation Services. Additionally, he did not respond to discovery requests. The court asked the witness to quantify the additional hours she worked on this case due to Joshua's conduct and the witness testified that she worked "approximately 20 hours more than I would have to have otherwise done."

{¶ 9} The court issued a journal entry on the same day as the hearing awarding JoAnna $6,500 in attorney fees. The court found that the attorney was owed an outstanding balance of $8,295.80 for representing JoAnna concerning her custody motions, the attorney's hourly rate was $325, which was reasonable and the attorney spent an additional 20 hours working on this case because of Joshua's failure "to initially cooperate with document responses requested by her, failure to initially communicate with the [guardian ad litem], and failed and delayed communication from [Joshua] with her." The court further found that "[n]either party presented income information to the court" at the attorney fee hearing.

{¶ 10} JoAnna now appeals, raising one assignment of error for our review:

The trial court erred and abused its discretion unreasonably, arbitrarily, and unconscionably by failing to award JoAnna the full attorney's fees requested and by failing to use the Lodestar calculation in its ruling.

{¶ 11} We note that Joshua did not file an appellate brief in this case.

## II. Law and Analysis

{¶ 12} Appellate courts review a post-decree award of attorney fees in a divorce or dissolution case for an abuse of discretion. *Smith v. Smith*, 2022-Ohio-299, ¶ 96 (8th Dist.). An abuse of discretion is "a court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 13} "Generally, under the American Rule, the prevailing party in a lawsuit may not recover attorney fees or litigation expenses unless 1) there is a statutory duty to pay fees, 2) the parties contract to shift fees, or 3) the losing party acted in bad faith." *Lang v. Beachwood Pointe Care Ctr.*, 2017-Ohio-1550, ¶ 64 (8th Dist.). R.C. 3105.73 governs when a court may award attorney fees in domestic relations cases. Section (B) of the statute states, in part, as follows:

> In any post-decree motion or proceeding that arises out of an action for . . . dissolution . . . the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶ 14} In awarding JoAnna $6,500, which equates to 20 hours at $325 per hour, the court stated as follows:

After consideration of the findings of fact listed above and the law . . . the court finds that the only factor presented for the Court to consider pursuant to O.R.C. 3105.73(B) is the conduct of the parties. Income information of the Parties was not provided, and no other relevant facts were presented for consideration.

The Court finds that [Johsua's] behavior resulted in additional attorney fees in the amount of $6,500 . . . and therefore concludes that it is fair and equitable that [Johsua] pay [JoAnna's] attorney fees in the amount of $6,500 . . . .

{¶ 15} On appeal, JoAnna argues that the "trial court failed to properly apply the Lodestar [sic] calculation" when awarding attorney fees to her. JoAnna further argues that the court abused its discretion by "relying solely on R.C. 3105.73(B) to determine the proper amount" of the attorney fee award and by being "silent as to the reasoning behind only awarding $6,500 to JoAnna . . . ." Additionally, JoAnna argues that "the ruling does not even explain where the $6,500 award came from . . . ."

{¶ 16} We disagree with JoAnna's characterization of the attorney fee award in this case. The court expressly stated in its journal entry that testimony at the hearing revealed that JoAnna's former attorney spent 20 additional hours litigating the custody motions solely due to Joshua's conduct and this attorney charges $325 per hour. It is elementary, that 20 x 325 = 6,500. The court further explained that the only statutory factor for which evidence was presented at the hearing was Joshua's conduct. Therefore, the court was not silent as to the reason behind the award and did, in fact, explain how it arrived at the amount awarded.

{¶ 17} Next, we turn to the lodestar method for calculating attorney fees. "The beginning point for determining the award of attorney fees is the reasonable

hourly rate multiplied by the number of hours worked, a calculation that is sometimes referred to as the 'lodestar.'" *Phoenix Lighting Group., L.L.C. v. Genlyte Thomas Group., L.L.C.,* 2020-Ohio-1056, ¶ 1.

{¶ 18} We reject JoAnna's argument that the court abused its discretion by failing to apply the lodestar method to calculate attorney fees in this case. As expressly demonstrated in the court's journal entry, the court did, in fact, apply this method to calculate attorney fees.

{¶ 19} JoAnna further argues that the court should have applied the test for attorney fees found in *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143 (1991). This argument is not well-taken, because the attorney fee test in *Bittner* is based on the lodestar method, which the court applied in its calculation of the attorney fee award in this case. *Bittner* quotes *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983), which states that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bittner* at 145. *Bittner* also instructs courts to look at any statute that governs attorney fees in a given scenario. *Id.* at 144-145. The *Bittner* Court further explained that "'other considerations . . . may lead the . . . court to adjust the fee upward or downward . . . .'" *Bittner* at 145, quoting *Hensley* at 434.

{¶ 20} In this case, the court applied the proper test, using the lodestar method and R.C. 3105.73(B), and opted not to deviate from the initial calculation, noting that no additional evidence for consideration was presented at the attorney

fee hearing.  Upon review, we cannot say that the court abused its discretion in this case, and JoAnna's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR